UNI0TED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P209-S
CRIMINAL ACTION NO. 3:00CR-120-S

TIMOTHY DICKERSON                                          MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

MEMORANDUM OPINION & ORDER

The movant, Timothy Dickerson, filed a *pro se* motion to vacate, set aside or correct his

sentence pursuant to 28 U.S.C. § 2255 (§ 2255).  This matter is before the Court for preliminary

review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United

States District Courts.[1]

A threshold issue for § 2255 motions is whether the motion is filed within the one-year

limitations period.  The limitations period under § 2255 runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created
by governmental action in violation of the Constitution or laws of
the United States is removed, if the movant was prevented from
making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized
by the Supreme Court, if that right has been newly recognized by
the Supreme Court and made retroactively applicable to cases on
collateral review; or

(4) the date on which the facts supporting the claim or claims

---

[1]Rule 4(b) provides, in part: "If it plainly appears from the motion ... that the moving party is not entitled to
relief, the judge must dismiss the motion and direct the clerk to notify the moving party...."

presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

On April 16, 2001, following the movant's plea of guilty, he was sentenced to 240 months of incarceration for conspiracy with the intent to distribute cocaine, marijuana and crack cocaine.  The judgment and order of commitment were entered by the Court on April 25, 2001. The movant did not file a direct appeal of his conviction.  "[A]n unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment . . .." *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004).  Thus, the one-year period began running on May 9, 2001.  The movant, however, did not file his § 2255 motion until April 22, 2006,[2] almost five years after the one-year statute of limitations began running.  Accordingly, the movant's action appears to be time-barred and subject to summary dismissal.

The one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling.  *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly."  *Dunlap*, 250 F.3d at 1008-09.

To determine the appropriateness of equitably tolling the statute of limitations, a district court must consider the following five factors: (1) the movant's lack of notice of the filing

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The movant dated his application on April 22, 2006, and it was received by the Court on April 25, 2006. Thus, it must have been handed to prison officials for mailing at some time between April 22 and April 25.  For purposes of this case, the Court gave the movant the benefit of the earliest possible filing date.

requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement for filing his claim.  *Id.* at 1010 (applying the five factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The *Andrews* list "is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003) (citing *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)).

The movant appears to suggest that his attorney's failure to file a direct appeal constitutes ineffective assistance of counsel and serves as grounds for equitable tolling of the statute.  The movant states that he indicated to his attorney immediately after sentencing that he wanted to file an appeal and that his attorney failed to communicate with him in this regard.  He further states that he incorrectly believed that the clerk of the court would automatically file a notice of appeal on his behalf.  Although the movant acknowledges that at some point it became obvious to him that no notice of appeal had been filed, he claims that his ignorance of the rules of civil procedure kept him from being able to act within the statutorily mandated time periods for pursuing either relief on direct appeal or by way of a § 2255 motion.

Though lack of actual notice and constructive knowledge of the statute of limitations are factors to be considered by a court when it determines the appropriateness of equitably tolling a statute of limitations, the Sixth Circuit has recognized that ignorance of the law does not excuse prompt filing.  *Allen*, 366 F.3d at 403; *Price v. Jamrog*, No. 03-1463, 2003 WL 22435645, at *2 (6th Cir. Oct. 23, 2003) (holding that ignorance of the law does not excuse the late filing of a habeas corpus petition) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999) which held

3

that "ignorance of the law even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues ..., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

Additionally, the movant has failed to establish that he diligently pursued his rights. Movant was sentenced in 2001. None of the legal correspondence that the movant attached to his motion predates November 2005. Movant has not offered any explanation why he was prevented from taking action or inquiring about his case in the four and half years between the time his sentence was imposed in April 2001 and when he began attempting to gather information about the status of his case in November 2005. This behavior suggests a lack of diligence. *See Dunlap*, 250 F.3d at 1010 ("Petitioner's inability to explain why he did not file his third petition until over two months outside of the statute of limitations, more than fourteen months after his conviction was final, suggests a lack of due diligence.").

The fourth factor, whether respondent was prejudiced by the delay in filing, is irrelevant here as the Court does not consider this factor unless it identifies another factor that might justify tolling. *Vroman*, 346 F.3d at 605 (citing *Andrews*, 851 F.2d at 151).

With respect to the final factor, the movant's reasonableness in remaining ignorant of the legal requirement for filing his motion, he merely repeats arguments previously made and rejected by this Court.

The movant has failed to allege any facts or circumstances that would warrant application of equitable tolling in this case. Accordingly, based on the foregoing, it appears that the

4

movant's § 2255 motion should be summarily dismissed by the Court as barred by the applicable one-year statute of limitations.  Before dismissing the action on this ground, however, the Court will provide the movant with an opportunity to respond.  *Day v. McDonough,*--- S.Ct. ---, 2006 WL 1071410 9U.S. Apr. 25, 2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum Opinion and Order, the movant must show cause why his § 2255 motion to vacate, set aside or correct sentence should not be dismissed as barred by the applicable one-year statute of limitations.

Failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

Date:

cc:    Movant, *pro se*
       4411.008